UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 21-33-DLB-CJS

JOYCE LEVELINE                                                                                          PLAINTIFF

v.                              MEMORANDUM OPINION AND ORDER

SCHINDLER ELEVATOR CORPORATION                                                   DEFENDANT

* * * * * * * * * * * * * * * * * *

I.  INTRODUCTION

This matter is before the Court on Defendant Schindler Elevator Corporation's ("Schindler") Motion for Summary Judgment and Plaintiff Joyce Leveline's Motion to Strike. (Docs. # 15 and 19). The motions have been fully briefed and are ripe for review. (Docs. # 20, 21, and 22). For the reasons set forth herein, Defendant's Motion for Summary Judgment is **granted** and Plaintiff's Motion to Strike is **denied**.

II.  FACTUAL AND PROCEDURAL BACKGROUND

In January 2020, Leveline fell while she was riding on an escalator at the Greater Cincinnati/Northern Kentucky Airport. (Doc. # 1-1 ¶ 5). She was approximately 80 years old at the time and alleges she injured her shoulder, right knee, right elbow, neck, and back due to the fall. (*Id.* ¶¶ 1, 6). Schindler is contracted to perform maintenance and repairs of the escalators within the airport. (*Id.* ¶ 2). Following the incident, Leveline initiated a negligence suit in Boone Circuit Court and named Schindler as the only

1

defendant. (*Id.* ¶¶ 11-28).  Schindler then removed the action to this Court under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Doc. # 1 at 1).

III.   **ANALYSIS**

    A.   **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment "bears the burden of showing the absence of any genuine issues of material fact."  *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Plant v. Morton Int'l Inc.*, 212 F.3d 929, 934 (6th Cir. 2000)).  In deciding a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Following the Court's review of the record, if a "rational factfinder could not find for the nonmoving party, summary judgment is appropriate."  *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).  Lastly, where a video recording is present, the Court should view the facts in the light depicted by the recording, even if it contradicts the assertions made by the non-moving party.  *See Rudlaff v. Gillispie*, 791 F.3d 638, 639 (6th Cir. 2015); *see also Scott v. Harris*, 550 U.S. 372, 379-81 (2007).

    B.   **Lack of Expert Testimony &** ***Res Ipsa Loquitor***

"In Kentucky, a common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal

2

causation between the defendant's breach and the plaintiffs injury." *Eberhardt v. United States,* No. 3:15-CV-63, 2017 WL 653273, at *4 (W.D. Ky. Feb. 16, 2017) (citing *Wright v. House of Imps., Inc.*, 381 S.W.3d 209, 213 (Ky. 2012)).  Schindler argues that because Leveline has "failed to explain how her escalator step disappeared, nor has she identified or disclosed any expert who could explain what would cause an escalator step to possibly disappear," her claims fail as a matter of law as to the standard of care and causation. (Doc. # 15-1 at 2).

While Schindler is correct that Kentucky law generally requires expert testimony as to the standard of care and causation elements in negligence cases, that requirement is only applicable if the negligence is not "so apparent that a layperson would recognize it." *Eberhardt*, 2017 WL 653273, at *6 (citations omitted); *see Hans v. Matrixx Initiatives, Inc.*, No. 3:04-CV-540, 2007 WL 2668594, at *3 (W.D. Ky. Sept. 6, 2007) (citations omitted).  Nevertheless, the Court finds that the alleged negligence here likely requires expert testimony because, like a railroad or automatic door, the business of operating an escalator "entails technical and logistical problems with which the ordinary layman has had little or no experience[.]"  *Adkins v. CSX Transp., Inc.*, No. 10-CA-1139, 2011 WL 2935399, at *4 (Ky. Ct. App. July 22, 2011) (cleaned up); *Snider v. Wal-Mart Stores, Inc.*, No. 114-CV-97, 2016 WL 319878, at *4 (W.D. Ky. Jan. 26, 2016), *aff'd,* 664 F. App'x 463 (6th Cir. 2016) ("[T]he technical nature of an automatic door is beyond the understanding of a lay juror.").

Leveline's own deposition testimony supports this conclusion when she admits to not seeing what caused her fall (Doc. # 15-2 at 6), she struggles to reason what caused her fall – whether the escalator abruptly stopped or whether her step disappeared (*id.* at

3

8-9), and she admits that she did not know what was wrong with the escalator because she is "not a mechanic." (*Id.* at 18). Leveline is a lay person and she—as someone who experienced the fall—could not recognize the negligence that took place, which further proves the need for expert testimony as to the standard of care and causation of her injury.

Leveline counters that she is not required to provide expert testimony because of her reliance on the doctrine of *res ipsa loquitur*. (Doc. # 20 at 14). *Res ipsa loquitor* means "the thing speaks for itself" and is "invoked when the facts and circumstances are such that a party's negligence can be inferred *even in the absence of expert testimony*." *Clark v. Schindler Elevator Corp.,* No. 3:05-CV-816, 2007 WL 679042, at *2 (W.D. Ky. Mar. 1, 2007) (citing *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992)) (emphasis added). This is no easy bar to meet. For it to apply, the following conditions must be met: "(1) the defendant must have had full management of the instrumentality which caused the injury; (2) the circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent; (3) the plaintiff's injury must have resulted from the accident." *Id.* (citing *Vernon v. Gentry*, 334 S.W.2d 266, 268 (Ky. 1960)).[1] If these elements are met, a rebuttable presumption of negligence is established, but, "a claim premised on *res ipsa loquitor* may be overcome if there is a showing that the injury was caused by the plaintiff's own voluntary action." *Hale as Next Friend of Hale v. O'Charley's Rest. Properties, LLC*, No. 2018-CA-363, 2021 WL 1235758, at *2 (Ky. Ct. App. Apr. 2, 2021) (citations omitted).

---

[1] The third element is not in dispute so the Court will not address it.

4

As to the first element, Schindler relies on *Clark* to argue that it did not have full management of the escalator because it was not the owner or leaseholder of the premises. 2007 WL 679042, at *2. In *Clark*, the plaintiffs alleged that an escalator abruptly stopped and injured them, so they sued both J.C. Penney and Schindler for negligence under the doctrine of *res ipsa loquitor*. *Id.* at *1-2. While the court found that it was clear that J.C. Penney had full control of the elevator and its operation, it also found that Schindler had no control of either the premises or the escalator and therefore *res ipsa loquitor* did not apply. *Id.* at *2. The court even noted that, like in this case, Schindler had a duty to maintain the escalator, but plaintiff had found no evidence of Schindler's failure to do so. *Id.* The court then granted summary judgment in favor of Schindler because "it would be sheer speculation that any lack of due care on Schindler's part had anything to do with [the injury]." *Id.* Here, the escalator was in the airport and Schindler did not have full management of it. Instead, like J.C. Penney, the airport had full management of the escalator. Therefore, Leveline has failed to prove the first element and this alone is sufficient to defeat the invocation of *res ipsa loquitor*.

Because Schindler did not have full control over the escalator, it is impossible that "the accident could not have happened if those having control and management had not been negligent." *See Clark*, 2007 WL 679042, at *2 (citations omitted). Nonetheless, the Court will address Leveline's argument. Leveline relies upon *J. C. Penney Co. v. Livingston*, 271 S.W.2d 906 (Ky. 1954), to assert that the second element is met here because the case is factually analogous. (Doc. # 20 at 15). While the facts are similar, they are distinguishable. In *J.C. Penney*, a child's father initiated a negligence suit after his child sustained an injury to his right hand when it got stuck in an escalator step in J.C.

5

Penney's store. *Id.* at 907. Because no one could explain how the child's hand got caught, the plaintiff relied on the doctrine of *res ipsa loquitor*. *Id.* When considering the second element of *res ipsa loquitor*, the court found that it was met. *Id.* at 908. Specifically, the Court found that the circumstances created "a clear inference that the accident would not have happened if the defendant had not been negligent[,]" because the ordinary escalator is safe and children normally ride without incident, but in this situation the child's hand got caught in the escalator while he was riding where he was expected to ride. *Id.*

Here, Leveline fell while on the escalator, but the injury is not as clearcut as a hand stuck in an escalator step nor is it clear that she was riding the escalator in a normal manner; the parties vigorously dispute whether Leveline's escalator step malfunctioned or if she lost her balance and fell. (*See generally* Docs. # 15, 20, and 21). Furthermore, this Court agrees with the reasoning in *Clark* that "it would be sheer speculation that any lack of due care on Schindler's part had anything to do with" Leveline's fall. 2007 WL 679042, at *2. Indeed, the only evidence Leveline has presented is her own speculation as to the cause of her fall, but even that speculation does not specifically point to action/inaction by Schindler. (*See generally* Doc. # 15-2). When asked at her deposition what she believed Schindler did wrong she replied, "I don't know, I don't know." (Doc. # 15-2 at 18). This Court agrees with Leveline; it does not know what Schindler did wrong either. Therefore, the second element of *res ipsa loquitor* also has not been met. For these reasons, the doctrine of *res ipsa loquitor* does not apply to this case.

Lastly, even if the doctrine of *res ipsa loquitor* applied, there has been a showing that Leveline's injury was caused by her own actions that would rebut that presumption,

6

as outlined in *Hale*. 2021 WL 1235758, at *2 (citations omitted).  In the incident report immediately following the fall, Leveline's husband indicated that his wife "had lost her balance and fell down the escalator."  (Doc. # 15-4 at 7).  Neither Leveline nor her husband specified anything about a malfunction on the escalator.  (*Id.*).  The officer who reviewed the camera footage of the fall also stated that Leveline lost her balance and fell.  (*Id.*).  The Court's own review of the camera footage further supports this conclusion as Leveline is seen losing her balance, her husband attempting to support her before her fall, and then him walking down the steps to get to her, with no indication of any malfunctioning steps as he walks on them.  (Doc. # 17).[2]  Notably, the *Snider* court reasoned that the plaintiff's injury by an automatic door was not a case "which create[d] a reasonable inference of negligence," because "[a]ny number of factors—including [plaintiff] not paying attention to where she was walking—could have caused this accident and are more likely causes than a malfunction in the automatic door."  2016 WL 319878, at *2.  Here, several other factors could have caused this accident, such as Leveline losing her balance.

Since the doctrine of *res ipsa loquitor* does not apply, Leveline must then present expert testimony to prove her negligence claims as discussed above, which she has not.  *Id.* at *3 ("Because [plaintiff] cannot rely upon *res ipsa loquitur* . . . it was incumbent upon [plaintiff] to present expert testimony to establish some proof of negligence . . . ."); *Snider v. Wal-Mart Stores, Inc.*, 664 F. App'x 463, 465 (6th Cir. 2016) ("It was incumbent on [plaintiff], as it is incumbent on most negligence plaintiffs, to establish wrongdoing—to establish that what the video shows happened due to a malfunction . . . [plaintiff] did not

---

[2]  Leveline even admits that she has previously lost her balance and fallen down steps at her own home.  (Doc. # 15-2 at 14-15).

do that, and res ipsa loquitur offers no salve for the shortcoming."). Therefore, summary judgment is appropriate.

### C. Motion to Strike

Leveline has filed a Motion to Strike both the incident report and video of her fall. (Doc. # 19). She argues the incident report is inadmissible hearsay and the footage of the fall is unauthenticated hearsay. (*Id.* at 2). However, Leveline confuses admissibility at trial with what is necessary for summary judgment. Evidence at the summary judgment stage does not have to be in a form admissible at trial. *Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 304-305 (6th Cir. 2016). "Rather, a party must show only that the evidence itself would be admissible." *Kentucky Petroleum Operating Ltd. v. Golden*, No. 12-CV-164, 2015 WL 927358, at *3 (E.D. Ky. Mar. 4, 2015) (citations omitted).

Beginning with the video footage, a "recording may be admitted if the district court is satisfied that the recording is accurate, authentic, and generally trustworthy. This can be established either through a chain of custody or other testimony [that] establish[es] the accuracy and trustworthiness of the evidence." *United States v. Miller*, 817 F. App'x 119, 124 (6th Cir. 2020) (internal quotations and citations omitted) (alterations in original). Schindler could simply call a witness, such as the officer who took the report, to authenticate the video if needed. Furthermore, the Court finds that the video footage has been authenticated by Scott Gibbons, the Official Custodian of the Kenton County Airport Board, in his letter providing the footage as well as the incident report. (Doc. # 15-4 at 2). Even Leveline admits that the video footage accurately depicts herself on the escalator. (Doc. # 22-1 at 4); *Miller*, 817 F. App'x at 124 (noting that chain of custody and other testimony are both satisfied when an agent testifies about downloading the video

8

and the video clearly shows the person).

As for the incident report, Schindler argues that the report is admissible as a business record under Federal Rule of Evidence 803(6) and (8).  (Doc. # 22 at 4).  The Court agrees.  Rule 803(6) requires that the record was (1) made near the time of the event by, or from information transmitted by, someone with knowledge; (2) the record was kept in the course of a regularly conducted activity of the business; (3) making the record was a regular practice of the activity; (4) these conditions are shown by the testimony of the custodian or another qualified witness; and (5) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The Court is convinced that each of these is, or can be, met.  First, the report was made by an officer after speaking with the Levelines around the time of the incident.  (Doc. # 15-4 at 7).  Second, the report was written on a standardized form which implies this was a regular practice.  (*Id.*).  Third, incident reports are generally conducted activities by the police.  Fourth, the report was provided by Scott Gibbons pursuant to the Kentucky Open Records Act.  (*Id.* at 2).  Lastly, Leveline has not shown that the report lacks trustworthiness, so it is likely admissible.  Additionally, Schindler is correct that it could call on Mr. Gibbons or the reporting officer to testify live and verify the incident report.  (Doc. # 22 at 5).  As for Leveline's argument that her husband's statements in the incident report constitute hearsay within hearsay, Schindler could simply call her husband to testify and then impeach him with his previous statement if it is inconsistent or he would verify its truth.  Either way, it would be admissible.

Therefore, both the incident report and video footage would be admissible. Accordingly, Leveline's Motion to Strike is **denied**.

## IV.     CONCLUSION

Thus, for the reasons articulated herein, **IT IS HEREBY ORDERED** that:

(1)     Defendant's Motion for Summary Judgment (Doc. # 15) is **GRANTED**;

(2)     Plaintiff's Motion to Strike (Doc. # 19) is **DENIED**;

(3)     This civil action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(4)     The Court will enter a corresponding Judgment with this Order.

This 26th day of September, 2022.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov2021\21-33 Order Granting MSJ.docx